UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| ROBERT MCNEIL, | ) | |
| | ) | |
| PETITIONER | ) | |
| | ) | |
| v. | ) | NO. 2:01-CR-84; 2:02-CR-32 |
| | ) | NO. 2:12-CV-38 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| RESPONDENT. | ) | |

## ORDER

This matter is before the Court on the Defendant's motion filed pursuant to 28 U.S.C. § 2255 [Doc. 468]. On July 31, 2015, Counsel for the Defendant filed a Supplement to Defendant's motion [Doc. 573]. In that motion, counsel brought to the Court's attention that in a similar case as this Defendant's, the United States Supreme Court granted certiorari, vacated the Court's order, and remanded the case "for further consideration in light of the position asserted by the Solicitor General in his brief for the United States." *Snipes v. United States,* 134 S.Ct. 1278 (Mem)(Feb. 24, 2014)(No. 13-6733). In that case, the Solicitor General asserted that the United States was not provided the opportunity "to assert or waive the non-jurisdictional procedural defenses on which the district court and this court relied on when declining to reach the merits of the sentence-enhancement claim raised in [the Defendant's] § 2255 motion." *Snipes v. United States,* No. 12-5552 at 2, [Doc. 102, pageID#398].

This case also like *Snipes* deals with a change in the treatment of certain felony drug convictions arising out of North Carolina. In this case, Defendant alleges that one of his prior felony drug convictions resulted in him facing mandatory life imprisonment under the statute and

in being treated as a career offender under the Sentencing Guidelines.[1] Defendant argues that his prior felony drug conviction out of North Carolina no longer qualifies as a felony drug offense for either enhancing his statutory sentence to mandatory life imprisonment or classifying him as a career offender. He cites *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

The Court wants to afford the United States the opportunity, as in *Snipes*, to assert or waive the non-jurisdictional procedural defenses available to the United States prior to the Court addressing the Defendant's § 2255 motion. Accordingly, the Court DIRECTS that by **September 18, 2015**, the United States Attorney shall review this case and advise the Court whether the United States intends to assert or waive the non-jurisdictional procedural defenses it has to the merits of Defendant's § 2255 motion.[2]

SO ORDERED.

s/Leon Jordan
UNITED STATES DISTRICT JUDGE

---

[1] 21 U.S.C. § 841(a)(1) provides for mandatory life imprisonment for defendants who have two prior qualifying felony drug convictions. U.S.S.G. § 4B1.1 classifies defendants as "career offenders" if they have, *inter alia,* two prior felony drug convictions.

[2] The United States has asserted waiver and pled the statute of limitations as a defense to Defendant's claim [Doc. 471]. However, its answer was filed on March 13, 2012, prior to the Solicitor General's position taken in *Snipes*.